Appeal No. 23-12538-J

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**DATUM SOFTWARE, INC.,**

**Plaintiff/Appellant,**

**v.**

**CITIZANT, INC.,**

**Defendant/Appellee.**

On Appeal from the United States District Court
for the Middle District of Alabama (Northern Division)
Civil Action: 2:23-cv-00136-KFP

**BRIEF OF PLAINTIFF/APPELLANT,
DATUM SOFTWARE, INC.**

Attorney for Plaintiff/Appellant,
Datum Software, Inc.

/s/ Micheal S. Jackson
MICHEAL S. JACKSON [JAC015]
Attorney for Plaintiff
Datum Software, Inc.
WEBSTER, HENRY, BRADWELL,
  COHAN, SPEAGLE & DESHAZO, P.C.
P. O. Box 239
Montgomery, AL  36101-0239
(334) 523-8629 / (334) 264-9599 (fax)
mjackson@websterhenry.com

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

Pursuant to Eleventh Circuit Rule 26.1-1, the undersigned counsel for Plaintiff/Appellant, Datum Software, Inc., certifies the following is a full and complete list of all interested parties in this action, including any parent corporation or any publicly held corporation that owns ten percent (10%) or more of the stock of the parties:

### A.    District Judge(s)/Magistrate Judge(s)/Agency:

The Honorable Kelly F. Pate, District Judge, United States District Court for the Middle District of Alabama.

### B.    Attorneys and Law Firms:

Michael S. Jackson, Webster, Henry, Bradwell, Cohan, Speagle & DeShazo, P.C., P.O. Box 239, Montgomery, AL 36101; telephone: (334) 523-8629; facsimile: (334) 264-9599; e-mail: mjackson@websterhenry.com (Attorney for Plaintiff/Appellant, Datum Software, Inc.)

J. Randall McNeill; Webb McNeill Walker PC, One Commerce Street, Suite 700, Montgomery, AL 36124; telephone (334) 386-0496; facsimile (334) 262-1889; e-mail: rmcneill@wmwfirm.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Jamie Helen Kidd Frawley; Webb McNeill Walker, P.C., One Commerce Street, Suite 700, Montgomery, AL 36124; telephone (334) 386-0496; facsimile (334) 262-1889; e-mail: jfrawley@wmwfirm.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Tenley A. Carp; Arnall Golden Gregory LLP, Maryland Bar No. 21039, *Pro Hac Vice*, 2100 Pennsylvania Avenue NW, Suite 350S, Washington, D.C. 20037; telephone (202) 677-4066; facsimile (202) 677-4067; e-mail: tenley.carp@agg.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Sara Lord; Arnall Golden Gregory LLP, Massachusetts Bar No. 546918, *Pro Hac Vice*, 2100 Pennsylvania Avenue NW, Suite 350S, Washington, D.C. 20037;

telephone (202) 677-4066; facsimile (202) 677-4067; e-mail: sara.lord@agg.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Erin Winn; Arnall Golden Gregory LLP, Georgia Bar No. 386725, *Pro Hac Vice*, 171 17th Street NW, Suite 2100, Atlanta, GA 30363; telephone (404) 873-8721; e-mail: erin.winn@agg.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Webb McNeill Walker, P.C., One Commerce Street, Suite 700, Montgomery, AL 36124; telephone (334) 262-1850; facsimile (334) 262-1772; *see* www.wmwfirm.com (Attorney for Defendant/Appellee, Citizant, Inc.) (Law Firm of Attorney for Defendant/Appellee, Citizant, Inc.)

Arnall Golden Gregory LLP, 2100 Pennsylvania Avenue NW, Suite 350S, Washington, D.C. 20037, telephone (202) 677-4030; *see* www.agg.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Arnall Golden Gregory LLP, 171 17th Street NW, Suite 2100, Atlanta, GA 30363, telephone (404) 873-8500; *see* www.agg.com (Attorney for Defendant/Appellee, Citizant, Inc.)

Webster, Henry, Bradwell, Cohan, Speagle & DeShazo, P.C., other partners, associates, ("of counsel") attorneys and lobbyists associated with the firm Webster, Henry, Bradwell, Cohan, Speagle & DeShazo, P.C., P.O. Box 239, Montgomery, AL 36101; telephone: (334) 523-8629; facsimile (334) 264-9599; *see* *www.websterhenry.com* (Attorneys for Plaintiff/Appellant, Datum Software, Inc.)

### C.    Parties:

Datum Software, Inc. – Plaintiff/Appellant

Citizant, Inc. – Defendant/Appellee

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff/Appellant Datum Software, Inc. requests oral argument. This appeal presents a significant issue in the context of pleading requirements, and any resulting decision has potentially widespread and significant impacts across the State of Alabama. Plaintiff/Appellant Datum Software, Inc. believes oral argument would be of significant help to the Court in deciding this case.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PARTIES** ..................................................C-1

    **A.**    **District Judge(s)/Magistrate Judge(s)/Agency:** ...................................C-1

    **B.**    **Attorneys and Law Firms:** ......................................................C-1

    **C.**    **Parties** ...........................................................................C-2

**STATEMENT REGARDING ORAL ARGUMENT** .......................................C-3

**TABLE OF CONTENTS** .............................................................................. i

**TABLE OF AUTHORITIES** ........................................................................ ii

**STATEMENT OF JURISDICTION** ............................................................ iii

**STATEMENT OF THE ISSUES** ...................................................................1

**STATEMENT OF THE CASE** .......................................................................2

**STANDARD OF REVIEW** ..........................................................................10

**SUMMARY OF THE ARGUMENT** .............................................................11

**ARGUMENT** ...............................................................................................12

    **I.**   **THE DISTRICT COURT ERRED IN DISMISSING DATUM'S COMPLAINT FOR FAILURE TO STATE A CLAIM WITHOUT PROVIDING DATUM AN OPPORTUNITY TO AMEND THE COMPLAINT WHICH WAS FILED IN STATE COURT UNDER A STANDARD WHICH WAS NOT THE HEIGHTENED PLEADING STANDARD.** ................................................................................12

      A. Datum provided sufficient facts to state a claim for breach of contract.......12

**CONCLUSION** ............................................................................................21

**CERTIFICATE OF COMPLIANCE** .............................................................22

**CERTIFICATE OF SERVICE** .......................................................................23

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. Aetna Cas. & Sur. Co.*, 222 Va. 361 (Va. 1981) ........................................ 12, 14

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................... 15

*Avendano v. Shaw*, 2022 WL 3572663 at * 9 (Ala. 2022) ...................................... 18

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ................................................. 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................ 15

*Bloodsworth v. Smith & Nephew*, 2005 WL 3470337 at * 10 (M.D. Ala. 2005) ........................ 20

*Bryant v. Dupree*, 252 F. 3d 1161, (11th Cir. 2001) ................................................ 16

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) ......................... 15

*Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012) ..................... 15

*Cowles v. Cumulus Media Inc.*, 2009 WL 106649888 (N.D. Ga. 2009) ..................... 20

*Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 939 F.Supp.2d 572, 578 (E.D. Va. 2013), *aff'd*, 549 Fed. Appx. 211 (4th Cir. 2014)........................................................................... 13

*Duffin v. Honeywell Intern., Inc.*, 312 F. Supp. 2d 869, 870 (N.D. Miss. 2004)........................ 20

*Filak v. George*, 594 S.E.2d 610, 619 (Va. 2004). .................................................. 12

*Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1288 (11th Cir. 2007) ........................ 18

*Marshall Durbin Farms, Inc. v. Landers*, 470 So. 2d 1098, 1101 (Ala. 1985) ............ 19

*Navar, Inc. v. Federal Business Council*, 784 S.E.2d 296 (Va. 2016). ................. 13, 14

*Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988) ................................ 16

*W.J. Schafer Assocs., Inc. v. Cordinat, Inc.*, 254 Va. 514, 493 S.E.2d 512, 515 (1997)........ 13, 14

**Statutes**

28 U.S.C. § 1291 ...................................................................................................... iii

28 U.S.C. § 1332(a) ............................................................................................. iii, 2

28 U.S.C. § 1441(a) ................................................................................................. iii

**Rules**

F. R. Civ. P. 9(b) ............................................................................................ 3, 9, 19

F. R. Civ. P. 3(a) .................................................................................................... iv

F. R. Civ. P. 4(a)…………………………………………………………………iv

F.R. App. P. 4(a)…………………………………………………………………iv

## STATEMENT OF JURISDICTION

This Court has appellate jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as it is an appeal from a final order from the United States District Court for the Middle District of Alabama (Northern Division). The District Court possessed subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 28 U.S.C. 1441(a). On July 6, 2023, the District Court entered a final judgment granting Defendant/Appellee Citizant, Inc.'s Motion to Dismiss and dismissing the matter with prejudice. Plaintiff/Appellant Datum Software, Inc. timely filed its Notice of Appeal on August 4, 2023, within 30 days from the District Court's entry of final judgment, pursuant to Rule 4(a) of the *Federal Rules of Civil Procedure*. Plaintiff/Appellant Datum Software, Inc. has complied with all applicable rules of the *Federal Rules of Civil Procedure* and *Federal Rules of Appellate Procedure*, including, but not limited to, Rule 3(a) and Rule 4(a) of the *Federal Rules of Appellate Procedure*.

## <u>STATEMENT OF THE ISSUES</u>

I.    Whether the United States District Court for the Northern District of Alabama erred in dismissing Plaintiff/Appellant Datum Software, Inc.'s Complaint for failure to state a claim without providing Plaintiff/Appellant Datum Software, Inc. an opportunity to amend the Complaint which was filed in State court under a standard which was not the heightened pleading standard.

## STATEMENT OF THE CASE

This case stems from the sub-contractual relationship between Defendant/Appellee Citizant, Inc. ("Citizant"), the prime contractor, and Plaintiff/Appellant Datum Software, Inc. ("Datum"), the subcontractor. (Compl., p. 3). Citizant and Datum signed a Teaming Agreement (the "Agreement") obligating the parties to submit proposals to the Department of Defense ("DOD") and the United States Air Force. (*Id*. at pp. 3-4). Per the Agreement, Datum was entitled to at least 60% of the work share of awarded labor dollars. (*Id*. at p. 4) The DOD accepted the parties' proposal, and Datum performed at least 60% of the task work share. (*Id*.) Datum alleges Citizant has only paid 49% of the work share, despite having reaffirmed its obligation to pay the outstanding amount. (*Id*.)

On February 10, 2023, Datum, filed its Complaint in the Circuit Court of Montgomery County, Alabama, seeking monetary relief for breach of contract and fraud. (*Id*. at pp. 1-7). The Complaint alleges Citizant breached the Agreement's provision to pay Datum 60% of awarded labor dollars and fraudulently induced Datum to enter the Agreement based on the work share clause. (*Id*. at pp. 3-7).

On March 10, 2023, Citizant filed a Notice of Removal in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (Def.'s Notice of Removal, pp. 1-8). On March 17, 2023, Citizant filed a Motion to Dismiss, asserting Datum (1) failed to allege any facts that would

plausibly establish a breach of contract or fraud claim, and (2) failed to assert a claim for fraud in accordance with F. R. Civ. P. 9(b)'s heightened pleading requirement. (Def.'s Mot. to Dismiss, pp. 1-4); (Def.'s Br. in Supp. of Mot. to Dismiss, pp. 1-16).

Datum did not attach any documents to its Complaint, nor did Citizant to its Motion to Dismiss and/or Brief. However, Citizant's Brief in Support of its Motion to Dismiss referenced documents filed as exhibits to its Notice of Removal. (Def.'s Br. in Supp. of Mot. to Dismiss, pp. 2-16). Thus, Citizant's arguments in advance of its Motion to Dismiss were based almost entirely on documents outside of the Complaint.

Regarding Datum's breach of contract claim, Citizant asserted that (1) Virginia law applied, (2) a Teaming Agreement is unenforceable as it is merely an agreement to agree, and (3) because Datum relied on the Teaming Agreement rather than the later subcontract entered into between the parties, Datum failed to allege a cognizable breach of contract claim. (*Id*. at pp. 6-12).

Regarding Datum's fraud claim, Citizant asserted (1) Georgia law applied, (2) Datum failed to assert its claim in accordance with the heightened pleading requirements of F. R. Civ. P. 9(b), and (3) a claim of fraud cannot be predicated upon a Teaming Agreement. (*Id*. at pp. 12-14).

On April 4, 2023, Datum filed a Response to Citizant's Motion to Dismiss, first acknowledging that Citizant was asking the District Court to consider matters

and documents outside of the Complaint. (Pl.'s Resp. to Def.'s Mot. to Dismiss, pp. 1-10). Datum asserted the District Court should not consider these outside documents, and that, as Citizant's Motion to Dismiss was based solely upon those documents, the District Court should deny the Motion outright. (*Id*. at pp. 1-4). Datum argued alternatively that should the Court consider these outside documents in ruling on Citizant's Motion to Dismiss, the Court must convert the Motion to Dismiss into a Motion for Summary Judgment. (*Id*. at pp. 2-3).

Regarding Citizant's breach of contract claim arguments, Datum noted that Citizant's Motion to Dismiss hinges upon its interpretation of the contractual provision at issue – Citizant argued that the contractual language does not mean what it says and that other provisions of the Agreement negate it. (*Id*. at pp. 4-6). Put differently, Citizant offered an argument and interpretation of a contract – not facts – at a stage in the litigation at which point there is zero record of the parties' course of dealing and interpretation of the contract documents, and that Citizant's argument that the provision in the Agreement does not mean what it says and is "an agreement to agree", while a counter to the facts alleged in the Complaint, does not show that the Complaint failed to state a claim. (*Id*.) At the very least, Datum asserted the Complaint provided sufficient facts to state a claim for breach of contract, under either Alabama or Virginia law. (*Id*.)

Datum further noted that the Agreement is not an agreement to agree in the future, as it says flatly that Datum's work share will be a minimum of 60% of awarded labor dollars for the entire duration of the task order. (*Id.*) It does not say that Datum's work share will be agreed upon at some future date. (*Id.*) It says that, if Citizant is awarded the relevant task order – which it was – Datum's work share will be at least 60% of awarded labor dollars. (*Id.*)

Regarding Citizant's fraud claim arguments, Datum first posited that Alabama law – not Georgia law – applied to the fraud claim. (*Id.* at p. 6). Datum further asserted that it pled each of the four elements required to state a claim for fraud: (1) a false representation, (2) of a material fact, (3) relied upon by the plaintiff, (4) who was damaged as a proximate result of the misrepresentation. (*Id.* at pp. 6-8). Datum responded to Citzant's statement that "the Complaint alleges no facts regarding the alleged fraudulent representation, no evidence of Citizant's alleged scienter and intent, and no basis for a claim that Datum justifiably relied on Citizant's actions or statements", reiterating the facts asserted in its Complaint. (*Id.*).

The first representation was that Datum's work share would be at least 60% of awarded labor dollars, without G & A burdens, should Citizant be awarded the task order elucidated in the Agreement. (*Id.*). That representation is alleged to be false and was a material fact to Datum upon which Datum relied upon when entering into the Agreement and preparing the bid package for Citizant. (*Id.*). Datum was

damaged by not being paid for the work share that it did pursuant to the Agreement. Therefore, Datum asserted, all elements of fraud at the pleading stage are established. (*Id*.).

The second and ongoing false representation was that, in response to being confronted about not paying Datum for at least 60% of the work share on the task order, Citizant represented to Datum that Citizant would pay Datum the 11% it owed Datum or that it would "make it up" on different projects on which it teamed with Datum. (*Id*.). Datum alleges this representation was false and material, that it was made to induce Datum to continue working on the task order, that Datum relied upon it by continuing to do the work, and that Citizant did not pay Datum what it owed Datum and did not "make it up" on different projects. (*Id*.). Datum was damaged by not receiving the payments which Citizant represented that Datum would receive. (*Id*.). The Complaint alleges that Citizant had no intent to either provide Datum at least 60% of the work share for the task order and/or to pay Datum what it owed when it was confronted regarding this issue. (*Id*.). Datum acknowledged that since present intent not to perform a future act is difficult to prove by direct evidence of a defendant's state of mind, a plaintiff may meet the burden of showing fraudulent intent by circumstantial evidence. (*Id*.). Therefore, Datum asserted, these factual allegations were sufficient to state a claim upon which relief can be granted under Alabama law. (*Id*.).

Finally, Datum noted that the suit was filed in State court. (*Id*.) Thus, the "heightened pleading" requirement for fraud did not apply to the Complaint when filed, and it is inappropriate for Citizant to be able to rely upon the "heightened pleading" requirement when it did not apply to Datum's initial filing. (*Id*.). Datum asserted that now that the case has been removed, it should be afforded an opportunity to amend its complaint should the court find that the complaint does not meet the "heightened pleading" standard. (*Id*.).

On April 11, 2023, Citizant filed a Reply to Datum's Response, arguing it properly cited to documents on the record and that nothing prevented the Court from considering them as evidence and/or required the Court to convert Citizant's Motion to Dismiss into a Motion for Summary Judgment. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss, pp. 1-12).

Citizant asserted that even if Alabama law applied to the breach of contract claim, the claim still fails, as "agreements to agree" are unenforceable as a matter of law in Alabama. Citizant similarly argued that Datum's fraud claim would fail regardless of whether Georgia, Alabama, or federal law applied. (*Id*.). Citizant further argued that amendment of Datum's Complaint would be futile as to both claims: the breach of contract claim because the terms of the outside documents expressly contradict Datum's claims that it was entitled to 60% of the awarded labor dollars, and the fraud claim because Datum "has not alleged in its complaint, nor can

it allege, allegations of fraud that meet the heightened pleading standard under either Alabama or Eleventh Circuit law." (*Id*.).

On July 6, 2023, the District Court entered a final judgment granting Citizant's Motion to Dismiss and dismissing the matter with prejudice. (Order Granting Def.'s Mot. to Dismiss, pp. 1-18).

The Court first held it could consider the Agreement without converting the Motion to Dismiss into a Motion for Summary Judgment because it was incorporated by reference in Datum's Complaint. (*Id*. at pp. 5-9). While the other documents were not incorporated by reference into Datum's Complaint, the Court took judicial notice over these documents, thereby allowing them to be considered without converting Citizant's motion. (*Id*.).

Regarding Datum's breach of contract claim, the Court held that (1) Virginia law applied, (2) the Agreement was an unenforceable agreement to agree, and (3) even if the Agreement was enforceable it expired upon Citizant being awarded the Prime Contract. (*Id*. at pp. 9-13). Thus, the Court found that Datum failed to state a breach of contract claim because it cannot establish that a legally enforceable document existed in the first place. (*Id*.). The Court further held that amendment of the breach of contract claim would be futile, as Datum's breach of contract claim is based on the work share clause contained in an unenforceable agreement. (*Id*. at p. 14).

8

Regarding Datum's fraud claim, the Court held that (1) Georgia law applies, (2) Datum's allegations fell short of F. R. Civ. P. 9(b)'s "heightened pleading standard", and (3) that amendment of the claim would be futile as the deficient particularity could not cure the claim's lacking foundation, due to Datum's fraud claim being based on an unenforceable future promise. (*Id*. at pp. 14-17).

Datum timely filed its Notice of Appeal on August 4, 2023, within 30 days from the district court's entry of final judgment, pursuant to F. R. Civ. P. 4(a). (Pl.'s Notice of Appeal, pp. 1-3).

## <u>STANDARD OF REVIEW</u>

The Standard of Review is *De Novo.*

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court erred in dismissing Datum's Complaint for failure to state a claim without providing Datum an opportunity to amend the Complaint which was filed in State court under a standard which was not the heightened pleading standard.

Regarding Datum's breach of contract claim, the Complaint contained sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. While Citizant may have arguments as to the proper interpretation of the agreement at issue, this does not change the fact that Datum's factual allegations as to its breach of contract claims were clearly sufficient to demonstrate that the Agreement was plausibly enforceable, and, therefore, to survive a Motion to Dismiss for Failure to State a Claim. However, even if it were not, Datum was entitled to the opportunity to amend its Complaint, in order to cure any alleged deficiencies.

Regarding Datum's fraud claim, the Complaint satisfies the heightened pleading standard. However, as Datum filed this suit in Alabama State court, the "heightened pleading" requirement for fraud did not apply to Datum's Complaint at the time it was filed. Now that the case has been removed, Datum should be afforded an opportunity to amend its complaint following the Court's finding that the complaint does not meet the "heightened pleading" standard.

## ARGUMENT

**I.    THE DISTRICT COURT ERRED IN DISMISSING DATUM'S COMPLAINT FOR FAILURE TO STATE A CLAIM WITHOUT PROVIDING DATUM AN OPPORTUNITY TO AMEND THE COMPLAINT WHICH WAS FILED IN STATE COURT UNDER A STANDARD WHICH WAS NOT THE HEIGHTENED PLEADING STANDARD.**

A. Datum provided sufficient facts to state a claim for breach of contract.

Assuming arguendo that the District Court was correct in applying Virginia law, to state a breach of contract claim under Virginia law, a plaintiff must show "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 619 (Va. 2004).

The District Court held that Datum failed to demonstrate a legally enforceable obligation of a defendant to a plaintiff, because the Agreement was an unenforceable agreement to agree. (Order Granting Def.'s Mot. to Dismiss, pp. 9-14). The Court cited *Allen v. Aetna Cas. & Sur. Co.*, 222 Va. 361 (Va. 1981) in support of this assertion. That case, however, declares the following:

> [T]here must be mutual assent of the contracting parties to terms reasonably certain under the circumstances in order to have an enforceable contract. Here, there was no such mutual commitment. No sum was specified in the agreement, nor was any method or formula alleged for determining the amount payable in [the transaction]. A court should not determine the terms ... upon which the parties might ultimately agree. As the agreement provided no reasonable basis for affording a remedy for its breach, it is too vague and indefinite to be enforced.

*Id*. The Court also quoted *W.J. Schafer Assocs., Inc. v. Cordinat, Inc.*, 254 Va. 514, 493 S.E.2d 512, 515 (1997) to support its finding that the Agreement was an unenforceable agreement to agree. However, that case states:

> . . . show[ed] by its express terms that it was not an enforceable contract for the sale of digitizers. There was no mutual commitment by the parties, no obligation on the part of Ogden [part of the teaming agreement] to sell the digitizers or on the part of Cordant to purchase them, no agreed purchase price for the product, and, indeed, no assurance that the product would be available when needed. . . .

Discussing *Schafer* and *Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 939 F.Supp.2d 572, 578 (E.D. Va. 2013), *aff'd*, 549 Fed. Appx. 211 (4th Cir. 2014), the Supreme Court of Virginia acknowledged what makes a Teaming Agreement unenforceable under certain circumstances, explaining:

> In *Schafer* and *Cyberlock*, teaming agreements were found to be unenforceable as contracts because they merely set out agreements to negotiate future subcontracts in good faith. Here, the Teaming Agreement does not contain a sum, or any reasonably certain method for determining a sum, or any requirement that Plaintiffs and Navar mutually agreed that Plaintiffs would be the actual subcontractors hired by Navar once the prime contract was awarded.

*Navar, Inc. v. Federal Business Council*, 784 S.E.2d 296 (Va. 2016).

These cases demonstrate that a Teaming Agreement is unenforceable where there is no mutual assent of the contracting parties to terms reasonably certain under the circumstances, as evidenced by no sum being specified in the agreement, no method or formula alleged for determining the amount payable in a transaction, no assurance that the relevant entity would actually be hired as the actual subcontractor

13

once the prime contract was awarded, and – overall – no reasonable basis for affording a remedy for the breach of such an agreement. *See Navar, Inc.*, 784 S.E.2d 296; *W.J. Schafer Assocs., Inc.*, 493 S.E.2d at 515; *Allen*, 222 Va. 361.

In the present case, all of the things an unenforceable Teaming Agreement lacks are present. The Agreement is an exceedingly detailed document with reasonably certain terms. A sum was specified in the agreement: a minimum of 60% of awarded labor dollars for the entire duration of the task order. This is not vague or abstract – it is an agreed upon minimum of 60% of awarded labor dollars that provides more than a reasonable basis for affording a remedy for the breach of this agreement. The Agreement does not say that Datum's work share will be agreed upon at some future date. It says that, if Citizant is awarded the prime contract – which it was – Datum's work share will be at least 60% of awarded labor dollars. Likewise, the Agreement clearly establishes and guarantees that once the prime contract was awarded to Citizant – which it eventually was – Datum would be hired as the subcontractor. In other words, this Agreement cures all of the deficiencies listed in the cases cited by the District Court as reasons for finding the Agreement unenforceable. The unambiguous language of the Agreement shows that there was unequivocal mutual assent of the contracting parties to terms reasonably certain under the circumstances, and there is a clear and reasonable basis for affording a remedy for the breach of this agreement.

At the Motion to Dismiss stage, the Court must "accept[ ] the complaint's allegations as true and construe[ ] them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (quoting *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)). "To survive ... a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The District Court in the present matter appeared to do the complete opposite of what precedent demands, construing Datum's allegations in the light most unfavorable to Datum, supporting its decision with documents outside of the pleadings, and engaging in a one-sided, in-depth legal argument and analysis inappropriate at the Motion to Dismiss stage. At the very least, accepting the Complaint's allegations as true and construing them in the light most favorite to Datum, the Complaint contained sufficient factual matter to state a claim for relief that is plausible on its face. While Citizant may have arguments as to the proper interpretation of the Agreement, this does not change the fact that Datum's factual allegations as to its breach of contract claims were clearly sufficient to demonstrate that the Agreement was plausibly enforceable, and, therefore, to survive a Motion to Dismiss for Failure to State a Claim.

The District Court also noted that the Agreement expired and, thus, was unenforceable, acknowledging that the parties subsequently entered into another agreement – a Subcontract Task Order – following the award of the Prime Contract to Citizant. (Order Granting Def.'s Mot. to Dismiss, pp. 9-14). Not only does this further demonstrate that there was clearly mutual assent regarding the Agreement, but this provides immense support for Datum's argument that, at the very least, dismissal was inappropriate, and that – even accepting that every argument in the District Court's Order is correct– the Court should have allowed Datum leave to amend its Complaint in order to pursue its breach of contract claims as to the Subcontract Task Order, as opposed to the Agreement. Such an amendment to the Complaint would not be futile, as it would cure every issue the District Court posed as to the original Complaint. Instead, the Court – knowing that there is an actual enforceable agreement between the parties  opted to dismiss Datum's Complaint with prejudice, potentially barring them from ever being able to seek relief and file a claim based on violations of the Subcontract Task Order due to principles of res judicata.

The Court's discretion to dismiss a complaint without leave to amend "is severely restrict[ed] by Fed. R. Civ. P. 15(a) which directs that leave to amend 'shall be freely given when justice so requires.'" *Bryant v. Dupree*, 252 F. 3d 1161, (11th Cir. 2001), citing *Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988).

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismissed the action with prejudice." *Bryant*, supra, citing *Bank v. Pitt*, 928 F. 2d 1108, 1112 (11th Cir. 1991). Datum was not given this opportunity.

The Court's Order reasons that Datum did not seek leave to amend its Complaint, and – thus – the Court was justified in refusing to afford Datum leave to amend the Complaint in its Order. (Order Granting Def.'s Mot. to Dismiss, pp. 9-14). However, this argument falls flat. Datum had not yet filed a Motion for Leave to Amend its Complaint at this stage because it did not think such an action necessary, as there was still a chance that the Court would deny Citizant's Motion to Dismiss, making such an amendment entirely unnecessary and a waste of the Court's time and resources. Until the District Court issued its Order on July 6, 2023, Datum had no reason to amend its Complaint. However, as the Order dismissed the Complaint with prejudice without giving Datum an opportunity to amend, by the time Datum was aware of how it could potentially cure its allegedly defective Complaint, it was stripped of the opportunity to do so. It was entirely within the District Court's power, regardless of whether Datum had formally requested leave to amend, to draft and enter a opinion identical to the one it did with one difference – as opposed to dismissing the Complaint with prejudice it could have allowed Datum an opportunity to amend its Complaint.

17

In summary, accepting the complaint's allegations as true and construing them in the light most favorite to Datum, the Complaint was sufficient to survive the Motion to Dismiss. However, even if it were not, Datum was entitled to the opportunity to amend its Complaint, in order to cure any alleged deficiencies.

A. <u>Datum provided sufficient facts to state a claim for breach of fraud.</u>

To state a fraud claim in Georgia, one must allege: (1) a false representation by the defendant, (2) the defendant's knowledge that the information is false, (3) intention to induce the plaintiff, (4) the plaintiff justifiably relied, and (5) damage to the plaintiff. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1288 (11th Cir. 2007). To state a claim for fraud in Alabama, the plaintiff must allege (1) a false representation (2) of a material fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. *Avendano v. Shaw*, 2022 WL 3572663 at * 9 (Ala. 2022). Datum asserts that under either Georgia or Alabama law, it has pled the elements necessary to state a claim for fraud.

The first false representation was that Datum's work share would be at least 60% of awarded labor dollars should Citizant be awarded the task order. That representation is alleged to be false and was a material fact to Datum. Datum asserted clearly that Citizant, at the time the representation was made, knew that it would not pay Datum only 49% of the awarded labor dollars. Datum relied upon the false representation by entering into the Agreement and preparing the bid package for

18

Citizant. Datum was damaged by not being paid for the work share that it did. All elements of fraud under both Georgia and Alabama were therefore established.

The second and ongoing false representation was that, in response to being confronted about the inadequate payment issues, Citizant represented to Datum that Citizant would pay Datum the 11% it owed Datum or that it would "make it up" on different projects on which it teamed with Datum. Datum alleged this representation was false, that Citizant knew that it was false and had no intention of doing this, that it was made to induce Datum to continue working on the task order, that Datum relied upon it by continuing to do the work, and that Citizant did not pay Datum what it owed Datum and did not "make it up" on different projects. Thus, Datum was damaged by not receiving the payments which Citizant represented that Datum would receive. Since present intent not to perform a future act is difficult to prove by direct evidence of defendant's state of mind, a plaintiff may meet the burden of showing fraudulent intent by circumstantial evidence. *Marshall Durbin Farms, Inc. v. Landers*, 470 So. 2d 1098, 1101 (Ala. 1985). These factual allegations are sufficient to state a claim upon which relief can be granted under either Georgia or Alabama law.

The District Court held that Datum's fraud claim fell short of F. R. Civ. P. 9(b)'s heightened pleading standard. Datum submits that its Complaint does meet the heightened pleading standard. However, this is irrelevant, as Datum filed this

suit in Alabama state court. The "heightened pleading" requirement for fraud did not apply to Datum's Complaint at the time it was filed, and Citizant should not be able to rely upon and argue the "heightened pleading" requirement when it did not apply to Datum's initial filing. *Cowles v. Cumulus Media Inc.*, 2009 WL 106649888 (N.D. Ga. 2009) (holding plaintiffs avoided heightened pleading standards by filing their fraud action in state court, rather than federal court). Now that the case has been removed, Datum should be afforded an opportunity to amend its complaint following the Court's finding that the complaint does not meet the "heightened pleading" standard. *See*, *e.g.*, *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337 at * 10 (M.D. Ala. 2005), citing *Duffin v. Honeywell Intern., Inc.*, 312 F. Supp. 2d 869, 870 (N.D. Miss. 2004) (observing that a plaintiff should ordinarily be given an opportunity to amend her complaint to allege fraud with greater specificity, before such claims are dismissed with prejudice upon a finding of fraudulent joinder).

## <u>CONCLUSION</u>

Regarding Datum's breach of contract claims, Datum's Complaint contained sufficient factual matter to state a claim for relief that is plausible on its face. Datum's factual allegations as to its breach of contract claims were clearly sufficient to demonstrate that the Teaming Agreement at issue was plausibly enforceable, and, therefore, to survive a Motion to Dismiss for Failure to State a Claim. However, even if it were not, Datum was entitled to the opportunity to amend its Complaint, in order to cure any alleged deficiencies.

As for Datum's fraud claims, Datum's Complaint does, in fact, meet the heightened pleading standard. However, as Datum filed this suit in Alabama state court, the "heightened pleading" requirement for fraud did not apply to Datum's Complaint at the time it was filed, and it is not appropriate for Citizant to be able to rely upon and argue the "heightened pleading" requirement when it did not apply to Datum's initial filing. Now that the case has been removed, Datum should be afforded an opportunity to amend its complaint following the Court's finding that the complaint does not meet the "heightened pleading" standard.

Therefore, the United States District Court for the Northern District of Alabama erred in dismissing Datum's Complaint for failure to state a claim without providing Datum an opportunity to amend the Complaint.

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).  The undersigned further certifies that this Brief contains 6,083 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). The undersigned certifies that this Brief complies with the type face requirements of Fed. R. App. P. 32(a)(5) as this Brief has been prepared in a proportionately spaced type-face using Microsoft Word in 14-point, Times New Roman font.

/s/ Micheal S. Jackson
MICHEAL S. JACKSON [JAC015]
Attorney for Plaintiff
Datum Software, Inc.
WEBSTER, HENRY, BRADWELL,
  COHAN, SPEAGLE & DESHAZO, P.C.
P. O. Box 239
Montgomery, AL  36101-0239
(334) 523-8629 / (334) 264-9599 (fax)
mjackson@websterhenry.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2023, I electronically filed a copy of the foregoing document with the CM / ECF system. Further, pursuant to 11th Cir. R. 31-3, one original and six copies of this Brief were mailed by U.S. Mail and properly addressed to the Clerk of the United States Court of Appeals for the 11th Circuit.  I further certify that I caused a copy of this Brief to be served on all parties of record by electronic mail:

J. Randall McNeill
Jamie Helen Kidd Frawley
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700
Montgomery, AL 36124
Tel: (334) 386-0496
Fax: (334) 262-1889
Email: rmcneill@wmwfirm.com
        jfrawley@wmwfirm.com

Tenley A. Carp
Sara Lord
ARNALL GOLDEN GREGORY LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, DC 20037
Tel: (202) 677-4066
Fax: (202) 677-4067
Tenley.carp@agg.com
Sara.Lord@agg.com

Erin Winn
ARNALL GOLDEN GREGORY LLP
171 17th Street NW
Suite 2100
Atlanta, GA 30363
Tel: (404) 873-8721
Erin.winn@agg.com

/s/ Micheal S. Jackson_____
Of Counsel